Habt, J.
(concurring). I concur in the result reached. Liability in Ohman v. Board of Educ. of City of New York (300 N. Y. 306) was not imposed since the throwing of the pencil “ was the act of an intervening third party which under the circumstances could have hardly been anticipated ” (p. 309, emphasis supplied). In the case here on appeal an assault could have been anticipated since the principal of the school had actual knowledge of the vicious and assaultive propensities of the other girl. The jury therefore could find that by failing to apprise the substitute teacher of these characteristics he failed to act as a reasonably prudent person. Nor is Bertola v. Board of Educ. (1 A D 2d 973) dispositive of the issues on this appeal. There, the defendant took reasonable measures to segregate and isolate the vicious pupils from the normal. Here, no such steps were taken. It is no answer that arrangements were never made by the Board of Education to segregate girls of this type, as was done with the boys in the Bertola case. The short answer to this is that a jury could find that the Board of Education was remiss in its duty of exercising reasonable care to its wards to protect them from the onslaught of known vicious pupils, whether they be male or female. There is no more justification for the retention in a class of normal children of a known dangerous, assaultive pupil than to permit to be brought therein an animal of known vicious propensities.
Bbowit, J. concurs; Habt, J. concurs in a separate opinion.
Judgment affirmed, with costs.